1   STEPHANIE M. HINDS (CABN 154284)
    Acting United States Attorney
2   SARA WINSLOW (DCBN 457643)
    Chief, Civil Division
3   SAVITH IYENGAR (CABN 268342)
    Assistant United States Attorney
4
        450 Golden Gate Avenue, Box 36055
5       San Francisco, California 94102
        Telephone: (415) 436-7200
6       FAX: (415) 436-6748
        savith.iyengar@usdoj.gov
7
    Attorneys for the United States of America
8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12  *Carina Isabel Balsamo Scioscia v. Google*   )   MISC. NO. 21-80218
    *Argentina*, No. 950/20, Ref. No. 189-44-21-29  )
13                                               )   **DECLARATION OF SAVITH IYENGAR IN**
                                                 )   **SUPPORT OF UNOPPOSED APPLICATION**
14  REQUEST FROM ARGENTINE COURT                 )   **FOR ORDER PURSUANT TO 28 U.S.C. § 1782**
    FOR INFORMATION FROM GOOGLE LLC              )
15  _____ )

16  I, Savith Iyengar, declare:

17      1.      I am an Assistant United States Attorney in the United States Attorney's Office for the

18  Northern District of California.  I am licensed to practice law in California and to appear before this

19  Court.  Unless otherwise stated, I have personal knowledge of and could testify regarding the following

20  facts if called to do so.

21      2.  I submit this declaration in support of the United States' application for an order pursuant to

22  28 U.S.C. § 1782 concerning a request for international judicial assistance from the Court of Original

23  Jurisdiction in Labor Matters No. 1 in Buenos Aires, Argentina ("Argentine Court") for information

24  from Google LLC ("Google").

25      3.  On July 16, 2021, I notified Google by letter, sent by email, of the Argentine Court's request

26  for information, attached the Argentine Court's request, and asked Google if it would provide the

27  requested information.  A true and correct copy of this letter to Google and the Argentine Court's

28  request for information is attached hereto as **Exhibit A**.

DECL. OF SAVITH IYENGAR ISO APPL. FOR ORDER UNDER 28 U.S.C. § 1782
                                    1

4.   Following this communication, I met and conferred with Ellen Clarke and Kate Smith, counsel for Google, by telephone on August 16 and 26, 2021.  They explained Google's legal position, *i.e.*, that to the extent the United States Attorney's Office seeks to collect and transmit the requested information to the Argentine Court, Google would only release that information pursuant to the 28 U.S.C. § 1782 process identified in my July 16, 2021 letter, and pursuant to the Stipulated Protective Order for Standard Litigation authorized by the Northern District of California.

5.   On September 3, 2021, I emailed Ms. Clarke and Ms. Smith drafts of the United States' application, memorandum of points and authorities in support, proposed order, and the proposed subpoena attached hereto as **Exhibit B**.  On September 10, 2021, Ms. Smith confirmed by email that Google approved these drafts, with the dates updated to reflect the date of submission to the Court.  The same day, I emailed this declaration and its exhibits to Ms. Smith, Ms. Clarke, and Google's additional counsel Ayesha Minhaj, and Ms. Smith confirmed by email that Google did not oppose the application in this case.

6.   On September 10, 2021, Ms. Smith also confirmed by email that Google would accept service by email of pleadings, orders, and subpoenas filed or issued in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true to the best of my knowledge and belief.  Executed this 10th day of September, 2021 in San Francisco, California.


 */s/ Savith Iyengar*
SAVITH IYENGAR
Assistant United States Attorney

DECL. OF SAVITH IYENGAR ISO APPL. FOR ORDER UNDER 28 U.S.C. § 1782

# Exhibit A



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

*9th Floor, Federal Building*
*450 Golden Gate Avenue, Box 36055*          *TEL: (415) 436-7018*
*San Francisco, California  94102-3495*        *FAX: (415) 436-6748*

July 16, 2021

<u>***VIA EMAIL ONLY***</u>

Ellen Clarke, Esq.
Legal Department
Google, Inc.
1600 Amphitheater Parkway
Mountain View, CA  94043
erclarke@google.com

   Re: Request for International Judicial Assistance from the Court of Original
      Jurisdiction in Labor Matters No. 1 in Buenos Aires, Argentina in *Carina Isabel*
      *Balsamo Scioscia v. Google Argentina*, Ref. No.: 950/20
      DJ Reference Number: 189-44-21-29

Dear Ms. Clarke:

   The Office of International Judicial Assistance ("OIJA") within the U.S. Department of
Justice Civil Division serves as the U.S. Central Authority for the *Hague Convention on the*
*Taking of Evidence Abroad in Civil or Commercial Matters* ("Hague Evidence Convention").
*See* 28 C.F.R. § 0.49.  Pursuant to the Hague Evidence Convention, OIJA received a Letter of
Request ("Request") seeking evidence in a civil matter pending in the Court of Original
Jurisdiction in Labor Matters No. 1 in Buenos Aires, Argentina ("Argentine Court").  The
Request was then transmitted to the U.S. Attorney's Office for the Northern District of California
for execution in accordance with 28 C.F.R. § 0.49(c).

   In its Request, the Argentine Court requested that we obtain evidence in the form of
documentation from Google LLC ("Google") relating to Carina Isabel Balsamo Scioscia's
employment with Google Ireland and Google Argentina.

   As you will see from the enclosed documents, the Argentine Court has conveyed that Ms.
Balsamo Scioscia brings a "claim for recognition of: (i) the actual length of service of her
employment, from February 6, 2006 for her job with Google Ireland Ltd. prior to being relocated
to Google Argentina SRL – from March 21, 2011; and (ii) all of the compensation items that
made up her actual remuneration at the time of her wrongful termination decided by Google
Argentina SRL, dated September 1, 2015."  The Argentine Court has further conveyed that Ms.
Balsamo Scioscia brings a claim for recognition of "damages for pain and suffering for the

Ellen Clarke, Esq.
July 16, 2021
Page | 2

discriminatory behavior of her employer and ill-treatment suffered by [Ms. Balsamo Scioscia] both before her discharge and after her maternity leave." Finally, the Argentine Court has conveyed that "[s]uch claims have been rejected and denied by . . . Google Argentina SRL in the answer to Ms. Balsamo Scioscia's claim as it is evidenced in the file."

The Argentine Court has requested the following information from Google:

If during 2006/2015 Ms. Carinna Isabel Balsamo Scioscia, holder of Identity Document (DNI) No. 94 671 512, received – through Google Ireland Ltd. and Google Argentina SRL – payments in stocks or stock options or other benefits from Google LLC / Google Inc / Google Ireland Ltd / Google Argentina SRL; indicating specifically, the date of award, the number of stocks / stock options / benefits granted and the amounts thereof; which stocks / stock options vested and which stocks / stock options were considered unvested at the time of her employment termination (September 2015).

The Argentine Court has requested that in answering these items, Google:

further inform which plans governed the purchase of such stocks and options, the vesting date and the vesting period thereof, the name of the company in charge of paying out and managing such stocks and options, the company over whose shares the stocks were granted, the stock value and any other requirements that the employee had to meet to be fully entitled to such right; and to attach to the answer copies of [Ms. Balsamo Scioscia]'s relevant stock purchase options or stock option plans, together with all the monthly and/or annual account statements of such [p]lans.

I am hopeful Google will provide this information voluntarily by completing the enclosed form, titled "Execution Affidavit of Letter of Request," which sets forth the request for information as worded in the Request. After completing the affidavit, please sign the last page before a notary public and return it to me, preferably by email and Federal Express at savith.iyengar@usdoj.gov and the address below, by August 18, 2021:

Savith Iyengar
450 Golden Gate Avenue
Ninth Floor, Box 36055
San Francisco, CA 94102

I anticipate that the information that is the subject of this Request may be provided with little inconvenience to Google. Please note, however, that if Google is unwilling to comply voluntarily, this Office may request that the U.S. District Court for the Northern District of California compel Google to provide the information, subject to its right to assert any applicable testimonial privileges. *See* 28 U.S.C. § 1782.

Please confirm receipt of these documents and, if applicable, Google's intention to provide the information voluntarily, by contacting me as soon as possible at (415) 912-6455 or

Ellen Clarke, Esq.
July 16, 2021
Page | 3

by email at savith.iyengar@usdoj.gov.  Please do not hesitate to contact me anytime if you have any questions.

     Thank you in advance for your cooperation and assistance in this matter.

            Very truly yours,

            STEPHANIE M. HINDS
            Acting United States Attorney


By:    */s/ Savith Iyengar*
            SAVITH IYENGAR
            Assistant United States Attorney

Enclosures:
    (1) Letter of Request
    (2) Execution Affidavit of Letter of Request


cc:    Google Legal Support, google-legal-support@google.com

Enclosure 1



República Argentina - Poder Ejecutivo Nacional
2021 - Año de Homenaje al Premio Nobel de Medicina Dr. César Milstein

**Nota**

**Número:**

**Referencia:** Carpe: 950/20 "BALSAMO SCIOSCIA CARINA ISABEL C/GOOGLE ARGENTINA SRL S/DESPIDO", EXPTE. Nº 4381/18

**A:** AUTORIDAD CENTRAL DE EEUU (OIJA@usdoj.gov),

**Con Copia A:**

---

**De mi mayor consideración:**

Tengo el agrado de dirigirme a Ud., en relación a los autos caratulados **"BALSAMO SCIOSCIA CARINA ISABEL C/GOOGLE ARGENTINA SRL S/DESPIDO", EXPTE. Nº 4381/18,** en trámite ante el Juzgado Nacional de Primera Instancia del Trabajo Nª 1, sito en la Ciudad Autónoma de Buenos Aires, con el objeto de remitirle en archivo adjunto los exhortos librados en autos para su diligenciamiento.

Las rogatorias tienen por objeto recabar prueba informativa a GOOGLE LLC, y a MORGAN STANLEY SMITH BARNEY LLC, ambas con domicilio en los Estados Unidos de Norteamérica.

Las rogatorias se libran en los términos del *Convenio de la Haya de 1970 sobre la Obtención de Prueba en el Extranjero en materia Civil o Comercial*.

Esta Dirección queda disposición para evacuar cualquier consulta respecto del trámite de referencia, a través del correo cooperacion-civil@mrecic.gov.ar.

Se deja constancia que la presente se remite vía correo electrónico institucional, atento las particulares características y modalidades adoptada en el marco de la Emergencia Sanitaria Mundial producto del virus COVID-19 que actualmente imposibilitan su remisión por otro medio y formato.

MAY 18 2021
CIV-189-44-21-29

Sin otro particular saluda atte.

1

**TRADUCCIÓN PÚBLICA** *(TRANSLATION FROM SPANISH)*-----------------------

**DIPLOMATIC LETTERS ROGATORY** --------------------------------------------------

[*Seal:*] Court of Original Jurisdiction in Labor Matters No.1 in and for the City of Buenos

Aires. *(Coat of arms of the Argentine Republic)* ------------------------------------------

**FROM: Stella Maris Vulcano,** Labor Judge assigned to temporary duty in Court of

Original Jurisdiction in Labor Matters No. 1 in and for the City of Buenos Aires *(Juzgado*

*Nacional de Primera Instancia del Trabajo N°. 1)*, capital city of the Argentine Republic;

**TO: THE COMPETENT JUDGE ON DUTY HAVING ORIGINAL JURISDICTION OVER**

**LABOR MATTERS IN THE CITY OF CALIFORNIA, UNITED STATES OF AMERICA,**

**sends greetings:** -------------------------------------------------------------------------------------

Whereas case file No.4381/18, **BALSAMO SCIOSCIA, Carinna Isabel v. GOOGLE**

**ARGENTINA SRL. ON DISMISSAL** (*'BALSAMO SCIOSCIA, Carinna Isabel c/GOOGLE*

*ARGENTINA S/DESPIDO*), is pending at Court of Original Jurisdiction in Labor Matters

number 1 *(Juzgado Nacional de Primera Instancia del Trabajo Nro. 1)* temporarily under

my charge, court clerk's office in the care of **Luciano Ezequiel Cohen, esq.,** located at

Av. Roque Saenz Pena 760, Piso 1, Ciudad Autónoma de Buenos Aires, República

Argentina, this Court has decided, upon request of the Plaintiff, to issue this Rogatory

Letter so that, in furtherance of justice and by the proper and usual process of your Court,

Your Court cause **Google LLC**, with registered offices at **1600 Amphitheatre Parkway,**

**Mountain View, California, United States of America,** to furnish the following

information: If during 2006/2015 Ms. Carinna Isabel Balsamo Scioscia, holder of Identity

Document (DNI) No. 94 671 512, received -through Google Ireland Ltd. and Google

Argentina SRL-, payments in stocks or stock options or other benefits from Google LLC

/ Google Inc / Google Ireland Ltd / Google Argentina SRL; indicating specifically, the date

of award, the number of stocks / stock options / benefits granted and the amounts

thereof; which stocks / stock options vested and which stocks / stock options were

considered unvested at the time of her employment termination (September 2015). In

answering the items above, the company upon whom this request is served is required

Dra. STELLA MARIS VULCANO
JUEZ DE LA NACION

to further inform which plans governed the purchase of such stocks and options, the vesting date and the vesting period thereof, the name of the company in charge of paying out and managing such stocks and options, the company over whose shares the stocks were granted, the stock value and any other requirements that the employee had to meet to be fully entitled to such right; and to attach to the answer copies of the Plaintiff's relevant stock purchase options or stock option plans, together with all the monthly and/or annual account statements of such Plans. ------------------------------------------------

Below is a brief description of the facts: "**It is hereby informed that the cause of action brought by Ms. Carinna Isabel Balsamo Scioscia is a claim for recognition of: (i) the actual length of service of her employment, from February 6, 2006 for her job with Google Ireland Ltd. prior to being relocated to Google Argentina SRL – from March 21, 2011; and (ii) all of the compensation items that made up her actual remuneration at the time of her wrongful termination decided by Google Argentina SRL, dated September 1, 2015. Furthermore, the recognition of the claim for damages for pain and suffering for the discriminatory behavior of her employer and ill-treatment suffered by Plaintiff both before her discharge and after her maternity leave. Such claims have been rejected and denied by Defendant Google Argentina SRL in the answer to Ms. Balsamo Scioscia's claim as it is evidenced in the file.**" ------------------------------------------------------------------------------

The court order whereby this letter of request is issued reads as follows: "Buenos Aires, February 25th, 2021 (...) It is hereby ordered that the diplomatic letters of request so requested be issued, that the preparation thereof be made by the requesting party, that a draft copy thereof be attached for their digital signature, and that evidence of service be given within 15 days, with the warning that such evidence shall otherwise be deemed withdrawn ------------------------------------------------------------------------------

Signed: Viviana Monica Fiori, Administrative Deputy Cleark. ------------------------------------

**Attorneys-at-law** Juan Manuel Arias and/or Gonzalo Fernández Sasso and/or Marcelo Luis Mentasti and/or Pablo Martin Vázquez and/or their designees, **are authorized to**

Dra. STELLA MARIS VULCANO
JUEZ DE LA NACION

carry out any necessary procedures under this letter of request on behalf of the Plaintiff. ------------------------------------------------------------------------------------

I, therefore, request that, in furtherance of justice, You will, by the proper and usual process of Your Court, cause such information to be answered and returned to us, and we shall be ready and willing to do the same for you in a similar case when required. --

May God bless Your Honor. ---------------------------------------------------------------------

Buenos Aires, 15 March 2021 -----------------------------------------------------------------

*(Signature and seal):* Stella Maris Vulcano. Judge.  ----------------------------------------

------------------------------------------------------------------------------------------------------

THE ARGENTINE JUDICIARY ----------------------------------------------------------------------

*(Partially illegible seal of the Appellate Court in Labor Matters)*----------------------------

The undersigned, General Court Clerk of the Argentine Court of Appeals having jurisdiction over labor matters in and for the Federal Capital of Stella Maris Vulcano, esq. is genuine and matches the specimen signature on record in the General Court Clerk's Office recorded in her capacity as Acting Labor Judge, assigned 9 April 201 --------------

*(Signature and seal:)* Nestor Gabriel Estevez, esq. General Court Clerk. --------------------

For official use. -------------------------------------------------------------------------------------

------------------------------------------------------------------------------------------------------

*I, being duly sworn, depose and say that I am familiar with both the English and the Spanish languages. That I have made the attached translation from the annexed document in the Spanish language and hereby certify that the same is a true and complete translation into English to the best of my knowledge, ability and belief. Buenos Aires, 14 April 2021. -*
*ES TRADUCCIÓN AL INGLÉS EN TRES (3) PÁGINAS DEL DOCUMENTO REDACTADO EN ESPAÑOL, QUE TUVE ANTE MI Y A LA CUAL ME REMITO Y ADJUNTO A LA PRESENTE. EN BUENOS AIRES, A LOS 14 DÍAS DEL MES DE ABRIL DE 2021. --------------------------------*

COLEGIO DE TRADUCTORES PUBLICOS
DE LA CIUDAD DE BUENOS AIRES
Corresponde a la Legalización
Nº 2159/21

MARIANA PANELLA
TRADUCTORA PUBLICA INGLES
Mat. Tº XI - Fº 122 C.A.B.A
CTPCBA Nº 3269

Dra. STELLA MARIS VULCANO
JUEZ DE LA NACION



# COLEGIO DE TRADUCTORES PÚBLICOS
# DE LA CIUDAD DE BUENOS AIRES

República Argentina
Ley 20305

# <u>LEGALIZACIÓN</u>

Por la presente, el COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES,

en virtud de la facultad que le confiere el artículo 10 inc. d) de la ley 20305, certifica únicamente que

la firma y el sello que aparecen en la traducción adjunta concuerdan con los correspondientes

al/a la Traductor/a Público/a    PANELLA, MARIANA

que obran en los registros de esta institución, en el folio        del Tomo       en el idioma

                                           122        11        INGLÉS

Legalización número:   **21157**

Buenos Aires,    23/04/2021

MARCELO F. SIGALOFF
Gerente Dpto. de Legalizaciones
Colegio de Traductores Públicos
de la Ciudad de Buenos Aires

ESTA LEGALIZACIÓN NO SE CONSIDERARÁ VÁLIDA SIN EL CORRESPONDIENTE
TIMBRADO DE CONTROL EN LA ÚLTIMA HOJA DE LA TRADUCCIÓN ADJUNTA

Control interno:    48359121157

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
4  8  3  5  9   1  2   1  1  5  7

Avda. Corrientes 1834 – C1045AAN – Ciudad Autónoma de Buenos Aires – Tel.: 4373-7173 y líneas rotativas

Dra. STELLA MARIS VULCANO
JUEZ DE LA NACION

T 0211546

By virtue of the authority vested in the COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Buenos Aires Sworn Translators Association) by Argentine law No. 20 305 section 10(d), I hereby CERTIFY that the seal and signature affixed on the attached translation are consistent with the seal and signature on file in our records.

The Colegio de Traductores Públicos de la Ciudad de Buenos Aires only certifies that the signature and seal on the translation are genuine; it will not attest to the contents of the document.

THIS CERTIFICATION WILL BE VALID ONLY IF IT BEARS THE PERTINENT CHECK STAMP ON THE LAST PAGE OF THE ATTACHED TRANSLATION.

Vu par le COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordre des Traducteurs Officiels de la ville de Buenos Aires), en vertu des attributions qui lui ont été accordées par l'article 10, alinéa d) de la Loi n° 20.305, pour la seule légalisation matérielle de la signature et du sceau du Traductor Público (Traducteur Officiel) apposés sur la traduction du document ci-joint, qui sont conformes à ceux déposés aux archives de cette Institution.

LE TIMBRE APPOSÉ SUR LA DERNIÈRE PAGE DE LA TRADUCTION FERA PREUVE DE LA VALIDITÉ DE LA LÉGALISATION.

Il COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordine dei Traduttori abilitati della Città di Buenos Aires) CERTIFICA ai sensi dell'articolo 10, lettera d) della legge 20.305 che la firma e il timbro apposti sulla qui unita traduzione sono conformi alla firma e al timbro del Traduttore abilitato depositati presso questo Ente. Non certifica il contenuto della traduzione sulla quale la certificazione è apposta.

LA VALIDITÁ DELLA PRESENTE CERTIFICAZIONE È SUBORDINATA ALL'APPOSIZIONE DEL TIMBRO DI CONTROLLO DEL CTPCBA SULL'ULTIMA PAGINA DELL'ALLEGATA TRADUZIONE.

Por meio desta legalização, o COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Colégio dos Tradutores Públicos da Cidade de Buenos Aires), no uso de suas atribuições e em conformidade com o artigo 10, alínea "d", da Lei 20.305, somente reconhece a assinatura e o carimbo do Tradutor Público que subscreve a tradução em anexo por semelhança com a assi-natura e o carimbo arquivados nos registros desta instituição.

A PRESENTE LEGALIZAÇÃO SÓ TERÁ VALIDADE COM A CORRESPONDENTE CHANCELA MECÂNICA APOSTA NA ÚLTIMA FOLHA DA TRADUÇÃO.

COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Kammer der vereidigten Übersetzer der Stadt Buenos Aires). Kraft der Befugnisse, die ihr nach Art. 10 Abs. d) von Gesetz 20.305 zustehen, bescheinigt die Kammer hiermit lediglich die Übereinstimmung der Unterschrift und des Siegelabdruckes auf der beigefügten Übersetzung mit der entsprechenden Unterschrift und dem Siegelabdruck des vereidigten Übersetzers (Traductor Público) in unseren Registern.

DIE VORLIEGENDE ÜBERSETZUNG IST OHNE DEN ENTSPRECHENDEN GEBÜHRENSTEMPEL AUF DEM LETZTEN BLATT DER BEIGEFÜGTEN ÜBERSETZUNG NICHT GÜLTIG.





## OFICIO JUDICIAL

Buenos Aires, 15 de marzo de 2021.

Señor Ministro de Relaciones Exteriores,
Comercio Exterior y Culto de la Nación
**Ing. Felipe Sola**
**S./D.**

Tengo el agrado de dirigirme a V.E. en referencia a los autos caratulados **"BALSAMO SCIOSCIA, CARINNA ISABEL C/ GOOGLE ARGENTINA S.R.L. S/DESPIDO",** (Expte. nro. 4381/2018), que tramita ante el Juzgado Nacional de Primera Instancia del Trabajo nro. 1, sito en la calle Diagonal Roque Sáenz Peña 760, piso 1º, de la Ciudad de Buenos Aires, a mi cargo, en forma subrogante, Secretaría única a cargo del doctor Luciano Ezequiel Cohen, **a fin de solicitarle tenga a bien disponer lo necesario a los efectos de tramitar el exhorto que se adjunta al presente dirigido a Google LLC con domicilio Estados Unidos de Norteamérica.**

Quedan autorizados para el diligenciamiento del presente los doctores Juan Manuel Arias y/o Marcelo Luis Mentasti y/o Pablo Martín Vázquez y/o la Sra. Patricia Borasi y/o la Srta. Florencia Dos Santos y/o los Sres. Fernando Barbieri y/o Matías Fradegrada.

Saludo a V.E. muy atentamente.

Dra. STELLA MARIS VULCANO
JUEZ DE LA NACIÓN



## EXHORTO DIPLOMÁTICO

**STELLA MARIS VULCANO, JUEZA NACIONAL DE PRIMERA INSTANCIA DEL TRABAJO A CARGO EN FORMA SUBROGANTE DEL JUZGADO NACIONAL NUMERO UNO DE LA CIUDAD DE BUENOS AIRES, CAPITAL DE LA REPUBLICA ARGENTINA, AL SEÑOR JUEZ DE IGUAL CLASE EN TURNO DE LA CIUDAD DE CALIFORNIA, ESTADOS UNIDOS DE NORTEAMERICA, SALUDA, EXHORTA Y HACE SABER:** Que por ante el Juzgado Nacional de Primera Instancia del Trabajo nro. 1, a mi cargo forma subrogante, Secretaría a cargo del doctor **Luciano Ezequiel Cohen**, sito en la calle Diagonal Roque Sáenz Peña 760, Piso 1º, de la Ciudad Autónoma de Buenos Aires, República Argentina, tramitan los autos caratulados **"BALSAMO SCIOSCIA, Carinna Isabel C/ GOOGLE ARGENTINA SRL S/DESPIDO"** (Expte. nro. 4381/18), en los cuales a pedido de la parte actora se ha resuelto librar el presente a V.E. a fin de solicitarle a **Google Llc.**, con domicilio con domicilio en **1600 Amphitheatre Parkway, Mountain View, California, Estados Unidos de Norteamérica**, a fin que informe si la Sra. Carinna Isabel Balsamo Scioscia, DNI 94.671.512, durante el período 2006/2015 a través de Google Ireland Ltd. y Google Argentina SRL, le fueron pagadas acciones u opciones de compra de acciones u otros beneficios recibidos de Google Llc / Google Inc / Google Ireland Ltd / Google Argentina SRL, con indicación puntual de fecha de adjudicación de las mismas, cantidad de acciones/opciones de compra de acciones/beneficios e importes de las mismas, cuales acciones/opciones adquirió plenamente (vested) y cuáles se hallaban pendientes de adquisición (unvested) al momento de su desvinculación (septiembre 2015). Dando respuesta a los puntos precedentes la oficiada deberá informar cuáles eran los planes que regían la adquisición de aquellas acciones y opciones, en qué fechas se adquiría plenamente el derecho sobre las mismas, cuál era el plazo de vesting, quién era la empresa pagadora y administradora de las acciones,

1

Dra. STELLA MARIS VULCANO
JUEZ DE LA NACION



de qué sociedad eran las acciones entregadas, cuál era el costo de las acciones y qué otros requisitos se exigían al empleado para poder gozar plenamente de ese derecho, acompañando a las actuaciones copias de los correspondientes Planes de otorgamiento de las acciones u opciones de la reclamante junto a todos los extractos de cuenta mensuales y/o anuales correspondientes a aquellos Planes.

A continuación se hace una somera descripción de los hechos: **"Se hace saber que el reclamo iniciado por la Sra. Carinna Isabel Balsamo Scioscia se vincula con la pretensión del reconocimiento de: (i) la real antigüedad de su relación laboral desde el 6 de febrero de 2006 por su desempeño en Google Ireland Limite – con anterioridad a su transferencia a Google Argentina SRL. a partir del 21 de marzo de 2011 –; y (ii) la totalidad de los rubros remuneratorios que integraban su real retribución al momento del despido sin causa, dispuesto por la empresa argentina con fecha 1 de septiembre de 2015. También con la pretensión de la reparación del daño moral irrogado por la conducta discriminatoria dispensada por su empleadora y situación de maltrato existente con anterioridad a su despido y luego de su licencia por maternidad. Tales pretensiones fueron rechazadas y desconocidas por la demandada Google Argentina SRL., en oportunidad de responder el reclamo de la Sra. Balsamo Scioscia en el expediente".**

La resolución mencionada dispone lo siguiente: " "Buenos Aires, 25 de febrero de 2021. Líbrense los exhortos diplomáticos solicitados, quedando a cargo de proponente su confección, debiendo acompañar los proyectos de los mismos para su firma digital y acreditar su diligenciamiento dentro del plazo de 15 días, bajo apercibimiento de tenerla por desistida de dicha medida probatoria. (fdo) Viviana Mónica Fiori. Prosecretaria Administrativa.

Quedan autorizados para diligenciar el presente en representación de la

2

DRA. STELLA MARIS VULCANO
JUEZ DE LA NACION



parte actora los doctores Juan Manuel Arias y/o Gonzalo Fernández Sasso y/o Marcelo Luis Mentasti y/o Pablo Martín Vázquez y/o quién éstos designen.

RUEGO Y EXHORTO A V.E. quiera dar al presente el debido cumplimiento, ofreciendo reciprocidad para casos análogos.

Dios guarde a V.E.

Buenos Aires,   15 de   marzo      de 2021.

Dra. STELLA MARIS VULCANO
JUEZ DE LA NACION

3



# Poder Judicial de la Nación

El que suscribe, Prosecretario General de la Cámara Nacional de Apelaciones del Trabajo de la Capital Federal de la República Argentina, CERTIFICA que la firma que antecede de Stella Maris Vulcano es auténtica y coincide con la que figura registrada en la Secretaría General, en su carácter de Juez Subrogante del Juzgado Nacional de Primera Instancia del Trabajo Nº 1 .--------------------------------------------------------------------------------
.................Buenos Aires, 9 de abril de 2021.-



Dr. Néstor Gabriel Estévez
Prosecretario General

USO OFICIAL

Enclosure 2

U.S. ATTORNEY'S OFFICE
NORTHERN DISTRICT OF CALIFORNIA
----------------------------------------------------------------x
IN RE:                                                  :
                                                        :          Ref No.: 950/20
REQUEST FOR JUDICIAL ASSISTANCE                         :
FROM THE COURT OF ORIGINAL                              :
JURISDICTION IN LABOR MATTERS NO. 1                     :
IN BUENOS AIRES, ARGENTINA IN                           :
*CARINA ISABEL BALSAMO SCIOSCIA V.*                     :
*GOOGLE ARGENTINA*                                      :          DJ No.: 189-44-21-29
----------------------------------------------------------------x

## EXECUTION AFFIDAVIT OF LETTER OF REQUEST

I, _____, a citizen of _____, state

as follows:

I have been furnished by the United States Attorney for the Northern District of

California in San Francisco, California, with a copy of the Letter of Request ("Request") in the

above-captioned action, dated May 17, 2021, issued under the *Hague Convention on the Taking*

*of Evidence Abroad in Civil and Commercial Matters*, requesting that Google LLC provide

information and documents, as necessary.

The following are my responses to the requests for information and documents contained

in the Request.  These responses are based upon personal knowledge.

///
///

-1-

<u>INFORMATION REQUESTED FROM GOOGLE LLC</u>

**Information Sought:**

"If during 2006/2015 Ms. Carinna Isabel Balsamo Scioscia, holder of Identity Document (DNI) No. 94 671 512, received – through Google Ireland Ltd. and Google Argentina SRL – payments in stocks or stock options or other benefits from Google LLC / Google Inc / Google Ireland Ltd / Google Argentina SRL; indicating specifically, the date of award, the number of stocks / stock options / benefits granted and the amounts thereof; which stocks / stock options vested and which stocks / stock options were considered unvested at the time of her employment termination (September 2015).

In answering the items above, the company upon whom this request is served is required to further inform which plans governed the purchase of such stocks and options, the vesting date and the vesting period thereof, the name of the company in charge of paying out and managing such stocks and options, the company over whose shares the stocks were granted, the stock value and any other requirements that the employee had to meet to be fully entitled to such right; and to attach to the answer copies of [Ms. Balsamo Scioscia]'s relevant stock purchase options or stock option plans, together with all the monthly and/or annual account statements of such [p]lans."

**Answer:**

///
///

By signing below, you are affirming that you have responded to the Argentine Court's request to the best of your ability given the information provided.

Any attached documentation is true and correct to the best of my knowledge and belief.


Dated:          _____, _____ (City, State)

                _____ _____, _____ (Date)



                                        _____
                                        Signature


                                        _____
                                        Print Name



On this _____ day of _____, 2021, before me, the undersigned notary public, personally appeared _____ (name of document signer), and proved to be the person whose name is signed on the document.




_____
Notary Public Signature and Seal


My commission expires: _____

# Exhibit B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| Request for International Judicial Assistance from the Court of Original Jurisdiction in Labor Matters No. 1 in Buenos Aires, Argentina | )<br>)<br>)<br>)<br>)<br>) |
| | Civil Action No. |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Google LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please see **Attachment A**.

| | |
|---|---|
| Place: Savith Iyengar, Assistant U.S. Attorney<br>U.S. Attorney's Office, Northern District of California<br>450 Golden Gate Ave., 9th Fl., Box 36055, SF, CA 94102 | Date and Time: |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/10/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Savith Iyengar |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    United States
_____ , who issues or requests this subpoena, are:

Savith Iyengar, U.S. Attorney's Office, 450 Golden Gate Ave., San Francisco, CA 94102, savith.iyengar@usdoj.gov

(415) 436-7025

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Google LLC

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                  *Server's signature*

                                                        _____
                                                                  *Printed name and title*

                                                        _____
                                                                  *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

If during 2006/2015 Ms. Carinna Isabel Balsamo Scioscia, holder of Identity Document (DNI) No. 94 671 512, received – through Google Ireland Ltd. and Google Argentina SRL – payments in stocks or stock options or other benefits from Google LLC / Google Inc / Google Ireland Ltd / Google Argentina SRL; indicating specifically, the date of award, the number of stocks / stock options / benefits granted and the amounts thereof; which stocks / stock options vested and which stocks / stock options were considered unvested at the time of her employment termination (September 2015).

In answering the items above, the company upon whom this request is served is required to further inform which plans governed the purchase of such stocks and options, the vesting date and the vesting period thereof, the name of the company in charge of paying out and managing such stocks and options, the company over whose shares the stocks were granted, the stock value and any other requirements that the employee had to meet to be fully entitled to such right; and to attach to the answer copies of [Ms. Balsamo Scioscia]'s relevant stock purchase options or stock option plans, together with all the monthly and/or annual account statements of such [p]lans.